RECEIVED
JUN - 1 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| PAMELA LOPEZ | CIVIL ACTION NO. 2:14-2698 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WAL-MART LOUISIANA, LLC | MAG. JUDGE KAY |

### MEMORANDUM RULING AND ORDER

Before the court is "Defendant's Objection to and/or Appeal of the Magistrate's Order Granting Plaintiff's Motion to Remand and for Attorney's Fees and Costs" (R. #11) wherein defendant, Wal-Mart, challenges Magistrate Kay's Memorandum Ruling granting plaintiff's motion for remand and awarding plaintiff attorney's fees and costs. Wal-Mart seeks a reversal of the Magistrate Judge's ruling.

In her complaint, plaintiff alleges that she slipped and fell at a Wal-Mart Supercenter on January 27, 2013. She further alleges that she suffered "back pain, shoulder sprain, left wrist sprain and right knee contusion."[1]

Plaintiff filed a petition in state court on December 13, 2013; the complaint asserted that "[P]etitioner, Pamela Lopez, avers that at this time her damages do not exceed the jurisdictional amount necessary for a trial by jury."[2] On June 17, 2014 plaintiff had an MRI of her right knee performed which revealed a small ill-defined tear of the medial meniscus.[3] On July 8, 2014, defendant took plaintiff's deposition; at that time there had been no

---

[1] R. #1, ¶ 2 and 4.
[2] In state court, the jurisdictional amount for a trial by jury is $50,000. La. C.C.P. Art. 1732.
[3] R. #10, p. 2.

1

Case 2:14-cv-02698-JTT-KK Document 16 Filed 06/01/15 Page 2 of 6 PageID #: 172

recommendation for any surgery, and plaintiff's stipulation in the original petition was still in effect. In her deposition, plaintiff testified that she was told by a Nurse Practitioner that the MRI revealed a problem with her knee which *could* require surgery. Consequently, on August 5, 2014, defense counsel sent plaintiff a Request for Admissions to clarify whether or not plaintiff would admit that her damages were below $50,000 (which is necessarily below the jurisdictional amount of $75,000 for removal to federal court) as alleged in her complaint. Defendant specifically inquired as to plaintiff's admission that her damages were less than $75,000. On August 18, 2014, defendant received plaintiff's responses to its Request for Admissions wherein plaintiff objected to the specific request, and stated that she was still treating and that additional medical bills and medical records were being accumulated. Hence, defendant maintains that this was the first notice it had that plaintiff would not stand by her earlier allegation that her damages were less than $50,000. On September 11, 2014, defendant removed the matter to federal court.

On October 10, 2014, Plaintiff filed a motion to remand contending that it was premature to admit or deny the amount of total damages. Plaintiff argued that even though the MRI showed a small medial meniscus tear, surgery had not been recommended or ordered and thus, her response to defendant's request for admission was not clear evidence that the amount in controversy exceeded ($75,000). She further argued that her current $3,000 in medical expenses was a long way from $75,000.

Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has thirty (30) days after it receives a copy of "other paper from which it may first be ascertained"

that the case is or has become removable.[4] Plaintiff posits and the Magistrate Judge held that her deposition testimony was sufficient "other paper" to put defendants on notice that the case was removable, thus triggering the 30 day time limit. Because the notice of removal was filed outside the prescribed time period, the Magistrate Judge granted the motion to remand.

In its appeal, defendant asserts that the Magistrate Judge committed an error of law.[5] Defendant relies on the fact that at the time of her deposition, plaintiff's petition continued to allege that her damages were below $50,000, and even though plaintiff testified that the Nurse Practitioner had stated that the MRI revealed a meniscus tear which might require surgery, no doctor as of that date had recommended surgery.

In her motion to remand, plaintiff posited that at the time of her deposition, the MRI results and the Nurse Practitioner's opinion was insufficient to establish that the amount in controversy exceeded $75,000. In response to the instant appeal, plaintiff maintains that the deposition testimony was sufficient notice to defendant, that the amount in controversy exceeds $75,000.

Defendant argues that plaintiff's response to defendant's request for admissions was the first "other paper" that would put defendant on notice that her damages may now exceed the federal jurisdictional amount of $75,000.

---

[4] A transcript of deposition testimony has been held to be "other paper" under 28 U.S.C. § 1446. S.W.S. Erectors v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. Tex. 1996); Credeur v. York Claim Serv., 2013 U.S.Dist. LEXIS 128663 (W.D.La. 2013).
[5] A District Court's ruling regarding a non-dispositive pretrial matter, such as a motion to remand, is subject to the "clearly erroneous" standard of review pursuant to 28 U.S.C. § 636 (b)(1)(A) and Fed. R. Civ. P 72(a).

Defendant remarks that in her memorandum in support of her motion to remand, plaintiff did not challenge the timeliness of the removal, but only the jurisdictional amount. Plaintiff asserted that she was still treating and in the early stages of treatment, that the MRI showed a small medial meniscus tear, however, "a specific surgery ha[d] not been recommended or ordered... therefore, the admission or denial to the amount of total damages is premature." Plaintiff also noted that defendant had pointed out that her medical expenses were over $3,000; plaintiff then argued in her motion to remand that the amount in special damages were "a long way from $75,000.00, and the defendant has failed to set forth any future medical expense estimates to show the increased value of this case or general damage quantum to show that cases such as Mrs. Lopez's case commonly exceed the $75,000.00 threshold."[6] Plaintiff argued that defendant had failed to show that a recommended knee surgery was sufficient evidence to provide any quantum on general damages, any evidence of future medical expenses, and documentation of a recommended or ordered surgery.

Defendant again remarks that in its motion to remand, plaintiff never argued that the notice of removal was untimely, and the Magistrate Judge failed to consider the jurisdictional amount.

The thirty days to remove this case to federal court starts to run when the defendant first ascertains that the action is removable.[7] Defendant contends that on July 8, 2014, whether or not the case was removable was not ascertainable because of the plaintiff's allegation in her complaint that her injuries were below $50,000; furthermore, the Nurse

---

[6] R. #5, p. 3.
[7] 28 U.S.C. § 1446 (b).

Practitioner's remark that she might need surgery was insufficient for defendant to ascertain that plaintiff's injuries was above $75,000. Defendant submits that it was not until it had received plaintiff's response to its request for admissions that it first ascertained that plaintiff would no longer limit her damages to below $50,000. Defendant informs the court that on September 24, 2014, (post-removal), plaintiff mailed medical records which contained a recommendation for arthroscopic knee surgery. Dr. Hinton's July 14, 2014 report states that if her injection does not help, she will need surgery, and his July 30, 2014 report recommends surgery because the injection failed to relieve plaintiff's knee pain. Thus, at the time of removal, even though defendant was not aware of it, there was a medical report by Dr. Hinton that recommended surgery.[8] Defendant seeks to have the Magistrate Judge's ruling reversed and the motion to remand denied.

The court finds that the earliest possible date that it was ascertainable that plaintiff's damages would exceed the $75,000 federal jurisdictional amount, would have been when defendant received the responses to the request for admissions (08/18/2014) or when defendant received plaintiff's medical records (09/24/2014) which revealed that surgery had been recommended. Thus, defendant's notice of removal was timely and it was clear error for the Magistrate Judge to conclude otherwise. Plaintiff argued in her motion to remand that as of the date of her deposition (July 8, 2014), it would be pure speculation for her to admit that the amount in controversy exceeded $75,000. Likewise, defendant also argues that at the time of the deposition, it could not ascertain whether or not the case was removable based on the amount of damages.

---

[8] The Notice of Removal was on 09/11/2014.

On July 30, 2014, Dr. Hinton recommended arthroscopy surgery because the injection had not relieved plaintiff's knee pain.[9] On October 10, 2014, plaintiff filed a motion to remand. In her motion, plaintiff states that "a specific surgery has not been recommended or ordered at this time; therefore, the admission or denial to the amount of total damages is premature."[10] The undersigned finds plaintiff's conflicting arguments and misleading statements disturbing to say the least. Accordingly, it is

ORDERED that the appeal of the Magistrate Judge is hereby GRANTED.

IT IS FURTHER ORDERED that the Memorandum Ruling[11] is hereby REVERSED and VACATED and the motion for remand[12] is hereby DENIED.

THUS DONE AND SIGNED in Lake Charles, Louisiana on this 1st day of June, 2015.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] R. #14-2 and 3. Defendant's exhibit A and B.
[10] R. #5-1.
[11] R. #10.
[12] R. #5.